UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEXTER K. MURRAY,

        Plaintiff,　　　　　　　**MEMORANDUM AND ORDER**

  -against-　　　　　　　　　　13 CV 7090 (KAM)(LB)

NEW YORK STATE DIVISION OF PAROLE;
NEW YORK STATE DEPT. OF CORRECTIONAL
SERVICE; NEW YORK CITY DEPT. OF
CORRECTIONAL SERVICES; NEW YORK CITY
POLICE DEPARTMENT; NEW YORK CITY
HUMAN RESOURCE ADMINISTRATION
SERVICES; NEW YORK KINGS COUNTY
DISTRICT ATTORNEY OFFICE; NEW YORK
ALBANY COUNTY COURT OF APPEALS; NEW
YORK KINGS COUNTY SUPREME COURT CLERK
OFFICE; NEW YORK STATE KINGS COUNTY
SUPREME COURT; NEW YORK STATE WYOMING
COUNTY SUPREME COURT; NEW YORK STATE
OFFICE OF CHILD & FAMILY SERVICES;
NARCO FREEDOM DRUG PROGRAM; "DENNIS &
MEDICAL"; MIRACLE HOUSE; JOSEPH
GENTILE; CHARLIE WISE; DETECTIVE PAUL
BOSTIC, 67th Precinct; RONALD MOORE,
67th Precinct; DETECTIVE TAMMY
WEISBERG, of the 75th Precinct; JOHN
DOE DETECTIVE, of the 84th Precinct;
JOHN DOE, Badge #6377, Kings County
Family C.O.; SASHA GODOY
("Perjurer"); SYLVIA LAKE
("Bailment"); LASTARR DAVIS, A.C.S.
Agent; PAROLE OFFICER KATHLEEN
PETGRAVE; PAROLE OFFICER, SUPERVISOR
ALPHONSO CAMACHO; PAROLE OFFICER ANN
MOORE; PAL A&M SCHWARTZ HEAD START;
HEAD START DIRECTOR MS. RUDDER; and
HEAD START TEACHER MS. RODRIGUEZ,

        Defendants.
----------------------------------X
**MATSUMOTO, United States District Judge:**

Plaintiff Dexter K. Murray, who is currently on parole, has brought this *pro se* civil rights action against multiple public agencies, officers, and private individuals pursuant to 42 U.S.C. §§ 1983 and 1985(3). (*See* Complaint, ECF No. 1.) Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the court *sua sponte* dismisses plaintiff's claims barred under the Eleventh Amendment of the United States Constitution against New York state defendants in their entirety.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Pursuant to the *in forma pauperis* statute, however, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Eleventh Amendment of the United States Constitution bars a suit in law or equity in federal court by a

citizen of a state against that state, absent the state's consent to such a suit or Congressional abrogation of immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984). State agencies serve as an arm of the state and are, similarly, entitled to Eleventh Amendment immunity. *See Pennhurst*, 465 U.S. at 100; *Alabama v. Pugh*, 438 U.S. 781 (1978).

Here, Mr. Murray has not alleged that New York state has waived its Eleventh Amendment immunity, and the law is well-settled that 42 U.S.C. § 1983 does not abrogate the state's Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union.") Therefore, all of plaintiff's damages claims against the New York State Department of Corrections and Community Supervision (which now combines and includes the functions of both the former New York State Division of Parole and New York State Department of Corrections), New York State Office of Child and Family Services, the Kings County, Albany County, and Wyoming County divisions of the New York Courts, and the Kings County District Attorney's Office are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

In dismissing *sua sponte* only plaintiff's claims against New York state defendants barred by the Eleventh Amendment, the court does not imply that plaintiff's other claims are well-pleaded. Defendants remain free to move to dismiss, and the court will afford any such motion the same consideration that it devotes to any dispositive motion.

SO ORDERED.

Dated: February 20, 2015
Brooklyn, New York

                                                    /s/
                                      **KIYO A. MATSUMOTO**
                                      United States District Judge
                                      Eastern D istrict of New York