UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Dexter K. Murray,

                    Plaintiff,

    -against-

NYC Dept. of Correction, *et al.*,

                    Defendant.
----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13-cv-7090 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

       Presently before the court is the Report and Recommendation of United States Magistrate Judge Lois Bloom ("R&R"), filed on August 18, 2016. (ECF No. 79). The R&R recommends that defendants' motions to dismiss be GRANTED. (R&R at 26). For the reasons set forth below and upon *de novo* review of the record, the Court ADOPTS the Report and Recommendation in its entirety and the court further finds that plaintiff has failed to state a claim pursuant to 42 U.S.C § 1981 and dismisses the Complaint.

## **Background**

       On December 10, 2013, plaintiff Dexter K. Murray ("plaintiff" or "Mr. Murray"), commenced this action against multiple public agencies, officers, and private entities and individuals (collectively, "defendants") pursuant to 42 U.S.C. §§ 1983 and 1985(3). (Complaint, ECF No. 1). The court *sua sponte*

dismissed all of plaintiff's damages claims against the New York State Department of Corrections and Community Supervision (which now combines and includes the functions of both the former New York State Division of Parole and New York State Department of Corrections), New York State Office of Child and Family Services, the Kings County, Albany County, and Wyoming County divisions of the New York Courts, and the Kings County District Attorney's Office (collectively "New York State defendants") as barred under the Eleventh Amendment of the United States Constitution. (Memorandum and Order, ECF No. 4).

The defendants moved to dismiss all the remaining claims in the Complaint on October 13, 2015. (Motions to Dismiss, ECF Nos. 49-56). On April 8, 2016, the court referred defendants' motions to dismiss to Judge Bloom for report and recommendation. (Order, dated April 8, 2016). After plaintiff failed to submit any oppositions to the defendants' motions by September 18, 2015 as ordered by the court, Judge Bloom, *sua sponte*, issued an order on April 19, 2016, allowing plaintiff one "final opportunity" to file his opposition to the motions to dismiss by May 20, 2016, or the motions would be considered unopposed. (Order dated June 24, 2015; Order, ECF No. 60). Plaintiff, by letter dated May 13, 2016, requested an extension of time to respond to the motions. (Letter,

2

ECF No. 63). On May 24, 2016, Judge Bloom granted plaintiff's request and ordered plaintiff to file his opposition papers by June 24, 2016. (Order, ECF No. 65). Judge Bloom also warned plaintiff that no further extensions would be granted and that if he failed to file his opposition to defendants' motions, the motions would be considered unopposed. (*Id.*). Plaintiff never opposed the motions to dismiss, and on August 18, 2016, Judge Bloom issued an R&R recommending that the court grant defendants' motions to dismiss because plaintiff failed to state a claim upon which relief may be granted. (R&R, ECF No. 69 at 26).

The R&R notified the parties that the deadline to file objections was within fourteen days of service of the R&R. (*Id.*). Plaintiff objected to the R&R by a letter postmarked September 3, 2016. (Plaintiff's Objections to R&R, postmarked 9/03/2016, ("Objs.") ECF No. 70). Defendants did not object to the R&R.

## Discussion

For the reasons stated herein, the Court has conducted a *de novo* review of the record, and ADOPTS the detailed, and soundly reasoned R&R in its entirety and also finds that plaintiff has failed to state a plausible claim pursuant to 42 U.S.C § 1981.

I. **Standard of Review**

A district court reviews those portions of a Report and

Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). Where no objections to the Report and Recommendation have been filed, however, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). "The district court is permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Sasmor v. Powell*, No. 11-CIV-4645 (KAM) (JO), 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (citation and internal quotation marks omitted).

## II. Plaintiff's Objections to the R&R

The court presumes familiarity with the underlying facts and procedural history as set forth in greater detail in Judge Bloom's August 18, 2016 Report and Recommendation. (ECF No. 69). As an initial matter, the court notes that plaintiff's objections are conclusory and general. Although a *pro se* party's objections are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest," *Milano v. Astrue*, No.

05-6527(KMW)(DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008), a *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CIV-5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (internal quotations marks omitted). District courts often apply a clear error standard of review where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments." *Zaretsky v. Maxi-Aids, Inc*., No. 10-CV-3771 (SJF)(ETB), 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection."); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

Despite plaintiff's failure to oppose the defendants' motions to dismiss and his conclusory objections to the R&R, the court, nonetheless, conducts a *de novo* review of Judge Bloom's Report and Recommendation. Upon *de novo* review of Judge Bloom's R&R the court agrees with, and adopts, Judge Bloom's well-reasoned analysis in its entirety. Further, the court finds that plaintiff has failed to state a plausible claim pursuant to 42 U.S.C. § 1981. The court addresses in turn each of plaintiff's objections.

**A. Sovereign Immunity Objections**

Plaintiff's primary objection is that New York State "waived its immunity from suit" and therefore the defendants "acting under the color of state law," which plaintiff lists as including parole officers, Administration for Children's Services ("ACS") officers, the City of New York Police Department ("NYPD") police officers, Human Resources Administration ("HRA") agents and Kings County prosecutors, are not immune from suit.[1] (Objs. at ¶¶ 2-5). As noted above, in its February 20, 2015 Order, this court ruled that the Eleventh Amendment barred suit against the New York State defendants which included New York State Department of Corrections and Community Supervision (which now combines and includes the

---

[1] Plaintiff mistakenly classifies ACS officers, NYPD officers and HRA agents as state officials rather than officials of the City of New York's agencies, or departments.

functions of both the former New York State Division of Parole and New York State Department of Corrections), New York State Office of Child and Family Services, the Kings County, Albany County, and Wyoming County divisions of the New York Courts, and the Kings County District Attorney's Office. (ECF No. 4). As the court already decided this issue, the court construes plaintiff's objection as a motion for reconsideration despite its untimeliness. *See* LOCAL RULES 6.3 OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK (Motions for reconsideration shall be served within fourteen days after entry of the court's order.).

In the Eastern District of New York, Local Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration "must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006) (citing *Schrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995); *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citing cases). Notwithstanding plaintiff's failure to oppose the defendants' motions despite repeated

extensions, plaintiff cites no controlling law or factual matters the court overlooked that might reasonably be expected to alter the outcome of the February 20, 2015 Order dismissing the state defendants. Instead, plaintiff in a conclusory manner states that New York State waived its sovereign immunity and therefore the New York State and the City of New York officials are properly subject to suit. (Objs. at ¶ 2). Having reconsidered the issue, the court affirms its prior ruling and finds that 42 U.S.C. § 1983 does not abrogate New York State's Eleventh Amendment immunity and the New York State defendants were properly dismissed. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 69 (1989) ("We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union."). Further, upon *de novo* review of the R&R, the court agrees with Judge Bloom's sound reasoning dismissing the claims against the remaining defendants,[2] including the City of New York defendants named in plaintiff's objections, and adopts the R&R

---

[2] Judge Bloom also dismissed claims against the parole officer defendants in their official capacities, defendants Petgrave, Camacho, and Moore, on Eleventh Amendment grounds, in an abundance of caution, because they were not specifically named in the court's February 20, 2015 Order. (R&R at 14-15). The court affirms Judge Bloom's finding that "to the extent plaintiff is suing the state parole officers [] in their official capacity, the claims must be dismissed with prejudice because defendants are entitled to Eleventh Amendment immunity." (R&R at 15 (quoting *McClinton v. Henderson*, No. 13-CV-3335 (JFB)(GRB), 2014 WL 2048389, at *4 (E.D.N.Y. May 19, 2014))).

in its entirety.

   **B. Plaintiff's 42 U.S.C. § 1981 Claims**

Plaintiff, for the first time in his objections, states that he has viable claims under 42 U.S.C. § 1981. (Objs. at ¶ 4). The court need not consider this objection, particularly because plaintiff did not cite this statute in the Complaint. But, even if he had, and even construing the Complaint liberally in light of plaintiff's *pro se* status, plaintiff has failed to state a plausible § 1981 claim. To state a § 1981 claim a party must plead facts showing "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Jones v. J.C. Penney's Dep't Stores, Inc.*, No. 03-CV-920A, 2007 WL 1577758, at *18 (W.D.N.Y. May 31, 2007), *aff'd sub nom. Jones v. J.C. Penny's Dep't Stores Inc.*, 317 F. App'x 71 (2d Cir. 2009) (citations omitted). To allege racial discrimination depriving a plaintiff of "the full and equal benefit" of a law or proceeding, "plaintiffs must meet the same pleading standard for . . . § 1981 claims as for . . . § 1983 claims under the Equal Protection Clause[.]" *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). A plaintiff must therefore allege "that the defendant discriminated against him on the basis of race,

. . . that that discrimination was intentional, . . . and that the discrimination was a 'substantial' or 'motivating factor' for the defendant's actions." *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001) (internal citations omitted).

The Second Circuit has held that § 1981 equal benefit claims can be brought against private parties because no state action is required. *Phillip v. University of Rochester*, 316 F.3d 291, 294 (2d Cir. 2003) (citing 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.")). "A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000). "A violation of § 1981's equal benefit clause, however, requires that at least some of Defendants' challenged actions constituted a tort." *Cowart v. McGinnis*, No. 02-CV-817F, 2007 WL 4030000, at *9 (W.D.N.Y. Nov. 15, 2007) (citing *Frierson-Harris v. Hough*, No. 05 Civ. 3077(DLC), 2006 WL 298658, * 7 (S.D.N.Y. Feb. 7, 2006) (holding plaintiff failed to state a claim for racial discrimination under § 1981's equal benefit clause where plaintiff alleged no facts which, if true, would constitute a violation of any other laws)).

Here, plaintiff alleges that defendants Narco Freedom,

Miracle House, "Dennis & Medical," Joseph Gentile and Charlie Wise discriminated against him and caused him to be moved from Narco Freedom to Miracle House, a transitional housing facility. Although plaintiff claims that the Caucasian house manager objected to his presence at Narco Freedom because he is African American and identified as a "Five Percenter," plaintiff fails to plead facts showing that his race was the "the substantial or motivating factor" in defendants' alleged decision to move plaintiff. (Complaint at ¶ 25); *Tolbert*, 242 F.3d at 69. Plaintiff's own allegations establish a non-discriminatory purpose for his move from Narco Freedom to Miracle House: his "completion of Narco Freedom." (Complaint at ¶ 25). Plaintiff also alleges that Miracle House relocated him to Bellevue Men's Shelter, a less pleasant environment. *Id.* These allegations are insufficient to infer that plaintiff's race was a "motivating factor" for his relocations. Furthermore, plaintiff has not established that the moves themselves amount to discriminatory conduct. Plaintiff's allegations do not give rise to an inference of discrimination strong enough to nudge his claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Therefore, plaintiff has failed to state a plausible § 1981. *See Burwell v. Peyton*, No. 5:12-CV-00166, 2013 WL 1386290, at *6 (D. Vt. Apr. 4, 2013)

(dismissing § 1981 case where complaint lacked factual allegations that made plaintiff's race a motivating factor in the complained of conduct).[3] None of plaintiff's other allegations against any of the private actor defendants sound of discrimination based on plaintiff's membership in a protected class. Therefore, plaintiff has not stated a plausible claim under § 1981 and his objection pursuant to § 1981 is denied.

**C. Plaintiff's Request for Counsel**

In his objections, plaintiff also requests that the court appoint counsel because he suffers from various mental illness and his mental health is "deteriorating." (Objs. at ¶ 3-4). Plaintiff claims he has difficulty concentrating and he is unable to "advocate on his own behalf" and "marshal a defense against the defendants." (Objs. at ¶ 3). Although the court recognizes that plaintiff has alleged that he suffers from serious mental health issues that may affect his ability to represent himself, the court denies plaintiff's request for the appointment of counsel because there is no right to counsel in a civil case. *See Martin-Trigona*

---

[3] The court has also evaluated whether plaintiff has alleged that the private actors deprived him of his "right to make and enforce contracts" pursuant to § 1981. *Tower Properties LLC v. Vill. of Highland Falls*, No. 14-CV-04502 NSR, 2015 WL 4124499, at *14 (S.D.N.Y. July 7, 2015). The court finds that the Complaint has no allegations that support a plausible claim pursuant to the right to contract under § 1981.

*v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court cannot compel an attorney to represent a litigant in a civil case without a fee. Although the court may request a volunteer attorney for a particular case, there must be a threshold showing that plaintiff's claims are likely to be of substance. As Judge Bloom's well-reasoned R&R makes clear, plaintiff's claims fail to state a claim upon which relief may be granted. Accordingly, plaintiff has failed to make the threshold showing.

**D. Request for Leave to Amend Complaint**

Plaintiff also seeks leave to amend the Complaint. (Obj. at ¶ 4). In light of the pleading deficiencies in the complaint, the court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Here, plaintiff delayed the litigation by failing to oppose the motions to dismiss despite the multiple extensions he received. Further, as Judge Bloom noted in the R&R plaintiff's claims arise primarily from complaints about private individuals or state officials who are immune from suit. Thus, plaintiff's pleading deficiencies are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint.

## Conclusion

Upon a *de novo* review, the court adopts in its entirety Judge Bloom's well-reasoned R&R and finds that plaintiff fails to state a claim upon which relief may be granted. In addition to all of the reasons for dismissal stated in the R&R, the court also finds that plaintiff has not stated a plausible claim under § 1981. Accordingly, for the reasons set forth above, the complaint is dismissed in its entirety, with prejudice to the federal claims therein because the court finds that leave to amend would be futile. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Mercado v. Quantum Servicing Corp.*, No. 15-CV-1500, 2015 WL 1969028, at *5 (E.D.N.Y. Apr. 29, 2015). The court declines to exercise jurisdiction over plaintiff's remaining state-law claims. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket within two business days of entering this Memorandum and Order. The Clerk of Court is further respectfully

requested to enter judgment in favor of defendants, to serve the pro se plaintiff with a copy of the judgment and the appeals packet, and to close this case.

**SO ORDERED.**

Dated:   September 30, 2016
         Brooklyn, New York

                                        _____  ___/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge